## STATE v ORLINSKI

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15296. Decided Feb 17, 1936

R. G. Curren, Cleveland, and Carl B. Webster, Cleveland, for plaintiff in error.

J. Harold Read, Cleveland, for defendant in error.

430

**OPINION**

By LIEGHLEY, PJ.

First, the defendant contends that this court is without jurisdiction to review this judgment. It is claimed that this court may reverse only a record of conviction. Attention is called to §13446-1 to 4 GC, whereby the Attorney General or Prosecuting Attorney is empowered by leave of court to file a bill of exceptions in the Supreme Court for decision of questions of law, and that no such authorization exists in favor of a city solicitor.

The State cites among others the pertinent provisions of Article IV, §6, of the Constitution, §12459-1 GC and State v McNury, 49 Oh Ap, 25 (16 Abs 214).

Courts of Appeals look to the constitution alone to ascertain the scope of their jurisdiction. §13459-1 GC added nothing. The existence or non-existence of enabling statutes must be ignored on the question of jurisdiction.

There are many decisions to this effect from the case of Cincinnati Polyclinic v Balch, 92 Oh St 415, of which the first paragraph of the syllabus follows:

"1. Sec 6, Article IV of the Constitution of Ohio as amended September 3, 1912, confers jurisdiction upon the Courts of Appeals to review, affirm, modify or reverse the judgments of the Courts of Common Pleas, Superior Courts, and other courts of record within the district. The general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction."

To Werner v Rowley, 129 Oh St 15, of which syllabus 1 reads:

"A legislative act which attempts, directly or indirectly to limit or abridge the power of the Courts of Appeals to review the judgments of the Courts of Common Pleas, contravenes the provisions of §6, Article IV, of the State Constitution and is void."

Repeating oft repeated language from Art. IV, §6 of the Constitution, which defines the jurisdiction of the Courts of Appeals, "* * * the Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, *affirm, modify or reverse the judgments* of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law, * * *"

"The judgments" means all judgments. This court has jurisdiction to review all judgments of the designated inferior courts of record and must review all such judgments brought before it by proper observance of procedural requirements with one probable exception,—moot questions.

A verdict of not guilty and discharge of a defendant is a judgment as much as is a verdict of guilty and sentence. It is a judgment of acquittal and discharge that forms the basis of a plea of former jeopardy.

When a prosecution is ended in a trial court by a decision on demurrer to an indictment, a plea in abatement or the constitutionality of a statute, for illustration, the State is vitally interested and a review of such decision is imperative. Certainly this is true in a case wherein the defendant can not claim former jeopardy. It ought to be likewise true in a case wherein the validity of a statute is involved even though the defendant may claim jeopardy. A judicial determination that a duly enacted statute is valid or invalid is of as much importance to society, the State, as is the review of a record of conviction and imposition of a sentence to pay a trivial fine and costs.

So we say that all judgments are potentially reviewable with one probable exception. To say that only a record of conviction is reviewable is to say that jurisdiction to review is determinable by the verdict of a jury. The language of Article IV, §6 does not warrant such construction. Jurisdiction to review a decision on the constitutionality of a statute should not be contingent on the decision of a jury on the facts.

In a case of acquittal wherein the assignments of error are limited to matters or procedure during trial, rulings on evidence, weight of the evidence, misconduct of anyone participating in the trial, and errors of a similar nature, and the defendant has been placed in jeopardy by the trial, this court should refuse to hear and decide the case for the reason that the result could mean nothing more than a decision of a moot question. It would and could serve no useful purpose other than determine whether academically the trial judge was right or wrong in his rulings during the progress of the trial for the gratification or disappointment of interested parties. A civil action may be reversed and remanded for new trial for such prejudicial errors and such corrected rulings applied upon a second trial. It is otherwise in a criminal proceeding in the event of acquittal.

It is said that the trial court in the case at bar at the conclusion of all the evidence made a finding of not guilty and discharged the defendant on the single ground that the statute §6064-64 GC, contravenes the state constitution, particularly **Article II, §1, and Article II, §26** thereof. The decision is grounded on the proposition that the section amounts to a "delegation of legislative authority vesting the Board of Liquor Control with discretionary powers which, if exercised, would have the effect of putting into operation a criminal statute that would otherwise remain inoperative."

The case of **City of Cincinnati v Cook, 107 Oh St, 223,** is cited and relied on as authority for this conclusion. In this case by ordinance authority was given to the one in charge of a passenger station to say who should have the right to park in front thereof. The ordinance was held invalid The case at bar presents a much different situation.

The Liquor Control Act operates throughout the state. By its terms a state agency is created in the Board of Liquor Control. By §6064-3 GC this Board is empowered to determine the character and forms of seals to be used for purposes of regulation. This is not a delegation of legislative authority. It has to do with the execution of the law. The Board in pursuance of this authority has adopted seals in order to regulate the possession and traffic. The legislature by the enactment of §6064-64 GC has declared it to be an offense to possess liquor without the required seal. This is a legitimate exercise of the police power to the end that some check on the traffic may be maintained.

Power to enact a law differs from power to execute the law. As clearly stated by Ranney, J., in the case of **Cincinnati Railway v County Commissioners, 1 Oh St 77:**

"The true distinction therefore is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be and conferring an authority or discretion as to its execution to be exercised under and in pursuance of the law. The first cannot be done, to the latter no valid objection can be made."

The powers conferred on the Board of Liquor Control are not comparable to and fall far short of the broad powers granted to the Ohio Milk Marketing Commission by the so-called Burke Act,—§§1080-1 to 23 GC, particularly subsection five (5) thereof. This milk act has been held constitutional by this court on authority of the case of People v Nebbia, 262 N. Y. 259, which court had under consideration the Milk Act of the State of New York, which act is almost identical with the Ohio Act and its constitutionality was sustained. Under the title of Leo Nebbia v People, the Supreme Court of the United States reviewed this New York decision and affirmed the judgment March 5th, 1934, sustaining the validity of the act.

It is our opinion and judgment that §6064-64 GC is a valid enactment.

Turning now to a disposition of this proceeding: Evidence was introduced by both the State and the defendant. The bill of exceptions is in narrative form. No certificate is attached that it contains all the evidence. The opinion of the trial judge is incorporated therein which indicates that a finding of not guilty was entered and the defendant discharged on a conclusion that the statute is invalid.

However, the court speaks through its journal. The transcript assigns no ground for the finding and discharge. There was a full trial and for aught we know a complete bill of exceptions would disclose that the finding of not guilty and discharge were justified on another ground. It might very well occur that the defendant sustained a defense by sufficient proof, of the benefit of which he could not be deprived because of a decision based on an erroneous reason. What are legal defenses to this charge is not in issue and not decided.

In conclusion, it is our judgment that this court is clothed with jurisdiction to review this proceeding; that §6064-64 GC is a valid enactment; that on the record before us

the judgment must be affirmed with exceptions noted.

TERRELL, J, concurs.
LEVINE, J, concurs in the judgment but is of the opinion that this court is without jurisdiction to review a record of acquittal.